IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| In Re: ) | Case No. 22-14301 |
| ) | |
| GREGORY BELL, SR., ) | Judge Barnes |
| ) | |
| Debtor. ) | Chapter 13 |

## NOTICE OF MOTION

*To the following parties that have been noticed by CM/ECF electronic delivery:*
U.S. Trustee, 219 S. Dearborn, Suite 873, Chicago, IL 60604; Chapter 13 Trustee Glenn Stearns

*To the following parties that have been noticed by first-class U.S. Mail, postage prepaid:*
See Attached Service List

PLEASE TAKE NOTICE that on January 26, 2023, at 9:30am, I will appear before the Honorable Judge Barnes, or any judge sitting in that judge's place, either in courtroom 744 of the Everett McKinley Dirksen United States Courthouse, at 219 S. Dearborn Street, Chicago, IL 60604, or electronically as described below, and present the **Debtor's Motion for Adequate Assurance of Utility Payment**, a copy of which is attached.

**All parties in interest, including the movant, may appear for the presentment of the motion either in person or electronically using Zoom for Government.**

You may appear electronically by video or by telephone.

**To appear by video**, use this link: https://www.zoomgov.com/. Then enter the meeting ID and passcode.

**To appear by telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-8287666. Then enter the meeting ID and passcode.

**Meeting ID and passcode.** The meeting ID for this hearing is 161 329 5276, and the passcode is 433658. The meeting ID and passcode can also be found on the judge's page on the court's web site.

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without calling it.

By: /s/ Dustin B. Allen
Attorney for Debtor
Law Offices of David Freydin, Ltd.
8707 Skokie Blvd, #312
Skokie, IL 60077
847-972-6157
Dustin@FreydinLaw.com

## CERTIFICATE OF SERVICE

I, Patrick Crame, hereby certify that this Notice and all attachments were served in the manner described upon the parties named above, on or before January 19, 2023, before 5:00PM.

                By:    /s/ Dustin B. Allen
                        Attorney for Debtor
                        Law Offices of David Freydin, Ltd.
                        8707 Skokie Blvd, #312
                        Skokie, IL 60077
                        Dustin@FreydinLaw.com

## Service List

*To the following parties that have been noticed by first-class U.S. Mail, postage prepaid:*

Gary L'Heureux, Village President
14801 S. Pulaski Road
Midlothian, IL 60445

Gregory Bell Sr.
3451 147th St
Midlothian, IL 60445

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 22-14301 |
| | ) | |
| GREGORY BELL, SR., | ) | Judge Barnes |
| | ) | |
| Debtor. | ) | Chapter 13 |

## MOTION FOR ADEQUATE ASSURANCE OF UTILITY PAYMENT

NOW COMES the Debtor, GREGORY BELL, SR.,, by and through his attorney, David Freydin of the Law Offices of David Freydin, Ltd.,, to present this Motion for Adequate Assurance of Utility Payment, and in support thereof, states as follows:

1. The Debtor filed for relief under Chapter 13 of the Title 11 of the United States Code on December 12, 2022.

2. At the time of filing, the Debtor's water service had been disconnected to his residence.

3. Subsequent to the filing of the case, Debtor's counsel discussed the Debtor's water situation with employees of the Village of Midlothian, as well as counsel for the Village. While the parties disagreed about whether the Village needed to restore service without an immediate security deposit payment, the parties agreed to temporarily restore service upon the payment of $250.00 to the Village.

4. The Village is requesting an additional $690.72 to resume services, in addition to what was already paid. The Debtor has a fixed income has not been able to pay this additional amount, and water service is currently shut off to the Debtor's residence.

5. This amount appears to be based on the Debtor's recent water usage. However, the Debtor's recent water usage in the periods prior to the case being filed were significantly more than usual, because of what appeared to be a leak.

6. For the periods ending on January 3, 2022, April 5, 2022, and July 1, 2022, the Debtor's water bills for each three-month period were $258.75, $351.99, and $372.15, respectively. The

Debtor's next bill was for $1,010.42, for the period ending on October 3, 2022. Subsequent to the case being filed, a new water bill in the amount of $890.96 came due. See Exhibit A.

7. Upon information and belief, based on conversations with Village employees, the Village no longer believes that there is a leak at the property.

8. Under 11 U.S.C. §366(b), "[o]n request of a party in interest and after notice and a hearing, the court may order reasonable modification of the amount of the deposit or other security necessary to provide adequate assurance of payment."

9. The Debtor respectfully requests that this Honorable Court order a reasonable modification to the security deposit to a total amount of $327.63, the average water bill for ordinary three-month periods, in the year prior to the bankruptcy being filed. This modification would be inclusive of the $250.00 already provided by the Debtor, less the $75.00 Village reconnection fee, allowing the Debtor to resume service for an additional $152.63.

WHEREFORE, the Debtor prays that this Court enter an order allowing a reasonable modification of the Debtor's security deposit, and any other relief this Honorable Court may deem just and proper.

Respectfully Submitted,

By:   /s/ Dustin B. Allen
      Attorney for Debtor
      Law Offices of David Freydin, Ltd.
      8707 Skokie Blvd, #312
      Skokie, IL 60077
      847-972-6157
      Dustin@FreydinLaw.com